Charles P. Maher, State Bar No. 124748
Jennifer C. Hayes, State Bar No. 197252
MCKENNA LONG & ALDRIDGE LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
Telephone No.: 415.267.4000
Fax No.: 415.267.4198
E-mail: cmaher@mckennalong.com
jhayes@mckennalong.com

Counsel for Plaintiff Andrea A. Wirum

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re PAUL CHRISTOPHER LEE,<br><br>Debtor. | Case No. 12-33247 DM<br>Chapter 7 |
| ANDREA A. WIRUM, Trustee,<br><br>Plaintiff.<br><br>v.<br><br>PETER PAK LUNG LEE, an individual, ALEN CHEUK LUN LEUNG, an individual, AND HELEN JIANG, an individual,<br><br>Defendants. | Adversary Proceeding No. |

**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND (2) DECLARATORY RELIEF**

Plaintiff Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, alleges as follows:

1. Paul Christopher Lee (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 15, 2012. Upon the filing of the case, Plaintiff was appointed Chapter 7 Trustee.

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern

Case: 14-03053 Doc# 1 Filed: 05/15/14 Entered: 05/15/14 16:06:43 Page 1 of 4
USW 804499762.1
1

District of California.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). Plaintiff consents to entry of final judgment by the Bankruptcy Court.

4. Venue is proper under 28 U.S.C. § 1409.

5. Plaintiff is informed and believes that Defendant Peter Pak Lung Lee is an individual who is the Debtor's brother, who resides in Newark, California, and who is an insider of the Debtor.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant Alen Cheuk Lun Leung is an individual who resides in San Mateo County, California, who is or has co-owned and operated businesses with the Debtor, is a friend of the Debtor, and who is an insider of the Debtor.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendant Helen Jiang is an individual who resides in San Mateo County, California, and is an insider of the Debtor.

8. In October 2009, the Debtor was indebted to the Internal Revenue Service for 2007 and 2008 taxes; the tax debt was later liquidated in a sum that exceeded $600,000. In addition, the Debtor was indebted to Mary Liu, his ex-spouse, pursuant to final judgment.

9. On October 8, 2009, the Debtor caused to be issued by Bank of East Asia from accounts he owned and controlled an "official check" in the amount of $209,492.01 to Fidelity National Title Company in connection with the purchase by the Defendants of the real property commonly known as 1421 92nd Avenue in Oakland, California. The sale closed on or about October 16, 2009.

10. The $209,492.01 was property of the Debtor.

11. The check to Fidelity National Title Company was a transfer to or for the benefit of the Defendants and each of them (the "Transfer").

### FIRST CLAIM FOR RELIEF
**Avoidance and Recovery of Fraudulent Transfers**
**11 U.S.C. § 544; Cal. Civ. Code §§ 3439 *et. seq.***

12. Plaintiff realleges the allegations set forth in paragraphs 1 through 11 above and

2

incorporates them by reference.

13. The Debtor made the Transfer to or for the benefit of the Defendants in October 2009.

14. The Transfer was a transfer of an interest of the Debtor in property, was within four years before the date on which the Debtor filed his Chapter 7 petition, and was made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became indebted on or after the dates on which the Transfer was made.

15. At the time of the Transfer, the Debtor was indebted to creditors who could have avoided the Transfer.

WHEREFORE Plaintiff requests judgment as set forth below.

**SECOND CLAIM FOR RELIEF**
**Avoidance and Recovery of Fraudulent Transfers**
**11 U.S.C. § 544; Cal. Civ. Code §§ 3439 *et. seq.***

16. Plaintiff realleges the allegations set forth in paragraphs 1 through 15 above and incorporates them by reference.

17. The Debtor made the Transfer to the Defendants in October 2009.

18. The Transfer was a transfer of an interest of the Debtor in property and was made within four years before the date on which the Debtor filed his Chapter 7 petition.

19. The Debtor received less than a reasonably equivalent value in exchange for the Transfer and was insolvent on the date of the Transfer or became insolvent as a result of the Transfer, or the Debtor was engaged in a business or a transaction or was about to engage in a business or a transaction for which any property of the Debtor remaining was an unreasonably small capital, or the Debtor intended to incur or believed that he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

20. At the time of the Transfer, the Debtor was indebted to creditors who could have avoided the Transfer.

WHEREFORE Plaintiff requests judgment as set forth below.

///

///

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

A. On Plaintiff's first and second claims for relief, for judgment avoiding the Transfer under 11 U.S.C. § 544 and California Civil Code Sections 3439 *et. seq.*, and preserving those transfers for the benefit of the estate under 11 U.S.C. § 551.

B. On Plaintiff's first and second claims for relief, for a money judgment in the amount of $209,492.01 against Defendants Peter Pak Lung Lee, Alen Cheuk Lun Leung, and Helen Jiang, jointly and severally, under 11 U.S.C. § 550.

C. For costs and prejudgment interest as allowed by law.

D. For such other relief the Court deems appropriate.

DATED: May 15, 2014

MCKENNA LONG & ALDRIDGE LLP

By: /s/ Charles P. Maher
Charles P. Maher
Counsel for Plaintiff Andrea A. Wirum